IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:09-cr-00240-10 |
| v. | ) |
| | ) Judge Nixon |
| MICHAEL DEVONN DAVIS | ) |

## ORDER

Pending before the Court are Defendant Michael Devonn Davis's Motion for Severance ("Motion") (Doc. No. 492), and a related motion to ascertain the status of the motion for severance (Doc. No. 1562). The Court held a hearing on December 17, 2012, at which time the Government stated it has no objection to severing Mr. Davis.

Mr. Davis was originally indicted in this case in 2010, in the Third Superseding Indictment (Doc. No. 63), and was most recently charged in the Ninth Superseding Indictment with seven counts stemming from two alleged incidents. The seven counts are as follows: **(1)** conspiracy to distribute Schedule II controlled substances (Count 15), **(2)** Hobbs Act robbery (Count 16), **(3)** possession of a firearm in furtherance of a crime of violence and a drug trafficking offense (Count 17), with Counts 15–17 occurring on or about September 10, 2009; **(4)** conspiracy to retaliate against a witness, victim or an informant (Count 33), **(5)** retaliating against a witness, victim or an informant (Count 34), **(6)** conspiracy to tamper with a witness, victim or an informant (Count 35), **(7)** tampering with a witness, victim or informant (Count 36), with counts 33–36 occurring between August and September 1, 2010. (Doc. Nos. 1408; 1408-9.)

Mr. Davis requests that he be severed from the rest of the defendants in this case under Federal Rule of Criminal Procedure 14 due to misjoinder in violation of Federal Rule of Criminal Procedure 8 and because of the risk of unfair prejudice. (Doc. No. 492.) First Mr.

1

Davis argues he should not have been joined because the counts he is charged with are unrelated to those charged against other defendants, and beyond gang affiliation, there is no thread tying the defendants in this case together. (*Id.*) Mr. Davis argues that gang affiliation without further proof of a common scheme or plan, or an overarching conspiracy, is insufficient to join defendants under Federal Rule of Criminal Procedure 8. (*Id.*) Mr. Davis also argues even if he was properly joined in this case, he should still be severed based on the risk of prejudicial jury confusion that will ensue due to the number of separate incidents alleged. (*Id.*)

Federal Rule of Criminal Procedure 8 governs the joinder of offenses and defendants in indictments. Rule 8(a) allows offenses to be joined if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) allows defendants to be joined "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The purpose of Rule 8 is to "promote the goals of trial convenience and judicial efficiency." *United States v. Cobb*, 397 F. App'x 128, 136 (6th Cir. 2010) (quotation omitted). However, even if joinder is appropriate under Rule 8, a court may order severance under Rule 14. *Id.* at 136-37. "If the joinder of offenses or defenses in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. Rule Crim. P. 14(a).

After reviewing the filings on this matter, the Court cannot conclude that there will be no significant prejudice against Mr. Davis if he is tried with other defendants in this case. Further, the Court finds that because Mr. Davis is only charged in seven of the forty-three counts charged in the Ninth Superseding Indictment, trial convenience and judicial efficiency are not benefitted

by trying Mr. Davis with the other defendants in this case. The Court therefore finds that it is prudent to sever Mr. Davis from the other defendants in the Ninth Superseding Indictment and try him separately. Accordingly, the Motion is **GRANTED** and the Court **SEVERS** Mr. Davis from the remaining defendants in the Ninth Superseding Indictment for the purposes of trial. The related motion to ascertain the status of the motion to sever (Doc. No. 1562) is hereby **TERMINATED as moot.**

It is so ORDERED.

Entered this the 2nd day of December, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT